IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff/<br>            Respondent,<br><br>    vs.<br><br>JORGE VALENCIA-LOPEZ,<br><br>            Defendant/<br>            Movant. | No. CR-F-96-5113 OWW<br><br>ORDER DENYING "NOTICE OF PLAIN ERROR AND MOTION TO REVIEW UNDER WHICHEVER RULE OR STATUTE COURT DEEMS PROPER OR PURSUANT TO 18 U.S.C. § 3742(a)(1)(2)(3)" |

    Movant Jorge Valencia-Lopez was convicted by jury trial of conspiracy to manufacture methamphetamine and of possession of methamphetamine with the intent to distribute. Movant was sentenced to life imprisonment. Movant appealed to the Ninth Circuit. The Ninth Circuit affirmed movant's conviction but vacated his sentence and remanded for resentencing. Upon remand, movant was sentenced on October 10, 2000 to 262 months imprisonment. Movant did not further appeal his sentence.

    On January 11, 2006, movant filed a "Notice of Plain Error

1

1  and Motion to Review Under Whichever Rule or Statute Court Deems
2  Proper or Pursuant to 18 U.S.C. § 3742(a)(1)(2)(3)".  In this
3  motion, movant contends that his conviction and sentence are
4  unconstitutional because of the Supreme Court's decisions in
5  United States v. Booker, 543 U.S. 200 (2005), Blakely v.
6  Washington, 542 U.S. 296 (2004), and Apprendi v. New Jersey, 530
7  U.S. 466 (2000).

8       In his motion, movant suggests that he is entitled to relief
9  pursuant to 28 U.S.C. § 2255 and that, therefore, his motion may
10 be deemed to be a motion to vacate, set aside or correct sentence
11 pursuant to Section 2255.  However, neither Booker, Blakely, nor
12 Apprendi are retroactively applicable on collateral review.  See
13 United States v. Cruz, 423 F.3d 1119 (9th Cir. 2005); Schardt v.
14 Payne, 414 F.3d 1025 (9th Cir. 2005); United States v. Sanchez-
15 Cervantes, 282 F.3d 664 (9th Cir.), cert. denied, 537 U.S. 939
16 (2002).  Therefore, deeming movant's motion to be a Section 2255
17 motion is futile because movant is not entitled to relief under
18 Section 2255.

19      Movant further suggests that he is entitled to relief
20 pursuant to Rule 60(b), Federal Rules of Civil Procedure,
21 contending that an irregularity in the judgment of movant's
22 previous Section 2255 motion can be found.  However, there is no
23 record on the dockets of the United States District Court for the
24 Eastern District of California that movant ever previously filed
25 a Section 2255 motion.  Therefore, movant's motion cannot be
26 deemed to be a motion pursuant to Rule 60(b).

Movant further suggests that jurisdiction to consider the claims raised in this motion lies with Rule 52(b), Federal Rules of Criminal Procedure.[1]  Movant's reference to Rule 52(b) is without merit.  Rule 52(b) does not contain a procedural mechanism that can be used to challenge the validity of, or correct errors in a conviction or sentence.  Rather, Rule 52(b) sets forth a standard to be used by courts in reviewing claims of error.  See United States v. Bentley, 220 F.R.D. 447 (W.D.N.C.), aff'd, 54 Fed.Appx. 146 (4th Cir. 2002).  Furthermore, as noted supra, movant cannot proceed to obtain collateral relief because the decisions upon which his claims are based are not applicable on collateral review.

Movant's reference to 18 U.S.C. § 3742 as providing jurisdiction to consider movant's claims is unavailing.  Section 3742 pertains to a direct appeal from a sentence imposed by the district court.

Movant asserts that if it is determined that movant is not entitled to relief, the instant motion should be referred to the Ninth Circuit Court of Appeals sua sponte "requesting the court review for leave to file a 2nd or successive § 2255 motion."  In so asserting, movant refers to Rule 22, Federal Rules of Appellate Procedure.  Movant's assertion is without merit.  As

---

[1] Rule 52(b), Federal Rules of Criminal Procedure, provides:
> A plain error that affects the substantial rights may be considered even though it was not brought to the court's attention.

3

noted, movant has not previously filed a Section 2255 motion. Therefore, movant's reference to a second or successive Section 2255 motion is incorrect.  Furthermore, in pertinent part, Rule 22 pertains to issuance of a certificate of appealability in connection with an order resolving a Section 2255 motion and a determination by the district court whether or not to issue a certificate of appealability only arises if a notice of appeal is filed by the party moving for relief pursuant to Section 2255.

ACCORDINGLY:

1.  Movant Jorge Valencia-Lopez's "Notice of Plain Error and Motion to Review Under Whichever Rule or Statute Court Deems Proper or Pursuant to 18 U.S.C. § 3742(a)(1)(2)(3)" is denied.

Dated: _Feb. 3____, 2006

/s/ OLIVER W. WANGER

_____

OLIVER W. WANGER

UNITED STATES DISTRICT JUDGE